# MCKOOL SMITH



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 05 2014

Dirk D. Thomas
Direct Dial: (202) 370-8302
dthomas@mckoolsmith.com

1999 K Street NW
Suite 600
Washington, DC 20006-1101

Telephone: (202) 370-8300
Facsimile: (202) 370-8344

May 1, 2014

**Via Hand Delivery**

The Honorable Katherine B. Forrest
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 745
New York, NY 10007-1312

RECEIVED
MAY 02 2014
KATHERINE B FORREST
U.S. DISTRICT JUDGE
S.D.N.Y.

>       RE:     Realtime Data LLC v. CME Group, Inc. et al., Nos. 1:11-6697, -6699, -6702.
>               CME Defendants' Motion for Fees and Expenses

Dear Judge Forrest:

        We represent Plaintiff Realtime Data LLC ("Realtime") in the above-captioned litigation. We write regarding CME Defendants' ("CME") Motion for Fees and Expenses filed on April 18, 2014. (Dkt No. 875). In its motion, CME asks the Court to find Realtime and its counsel McKool Smith ("McKool") jointly and severally liable for certain fees and expenses incurred by CME in litigating this case. Because CME's motion creates a potential conflict between Realtime and its counsel – McKool – we respectfully request that this Court grant the request set forth below.[1]

        Realtime and McKool intend to oppose CME's motion and to demonstrate that its request for relief is without merit. Nevertheless, because the motion seeks to find Realtime and McKool jointly and severally liable, a potential conflict of interest now exists between Realtime and its counsel – McKool. Specifically, if the Court were to decide that this case is exceptional and to further hold Realtime and its counsel, McKool, jointly and severally liable, the issue of the allocation of liability would create a conflict between Realtime and McKool. Because this potential conflict exists, McKool would not be able to represent Realtime in opposing CME's motion, necessitating separate counsel for Realtime and a potential delay in resolving the issues that CME currently has placed before this Court.

        By holding in abeyance a decision on the issue of joint and several liability until and unless the Court decides that this case is exceptional and that CME is entitled to its fees, the conflict that exists between Realtime and McKool can be avoided or at least postponed, and McKool may proceed to represent Realtime and itself in opposing CME's motion.

---

[1] We note that CME is the only defendant from the litigation who has moved forward with a motion for fees and an application for costs. Settlements have been reached with NYSE/OPRA and ISE and motions to dismiss will shortly be on file.

**McKool Smith**
**A Professional Corporation • Attorneys**
**Austin | Dallas | Houston | Los Angeles | Marshall | New York | Silicon Valley | Washington, DC**

The Honorable Katherine B. Forrest
May 1, 2014
Page 2

      Our request in this letter is also consistent with this Court's Order of February 25, 2014, adopting a two-step process where the motion seeking fees is briefed and decided in the first step and, if that motion is granted, an appropriate amount of the fees is briefed and decided in the second step. (Dkt No. 475: 11-cv-6698, 592, 11-cv-6696). Realtime and McKool request that the issue of joint and several liability be decided in the second step, if necessary, and not in the first step.

      Therefore, we respectfully request that the Court initially decide only whether CME has (or has not) met its burden of showing that it is entitled to recover fees under each of the theories it has advanced. If the Court determines that CME has met its burden, then the Court should decide the issue of joint and several liability concurrently with its consideration of CME's Amounts Sought in Attorneys' Fees and supporting documentation to be filed according to the Court's February 25, 2014, order setting forth the briefing schedule on CME's motion. (Dkt. No.869).

      We requested CME's position on this matter. CME stated that it does not oppose a separate determination of who pays a fee award and the amount each pays, provided that all liability issues under each of CME's fee requests pursuant to (1) section 285 of the patent statute, (2) section 1927 of title 28, and (3) the Court's inherent powers, is decided by the Court in the initial liability phase of this matter. CME further stated that it takes no position whether the foregoing proposal by Realtime and McKool resolves any conflict issues that may arise in connection with resolution of its claims for attorney fees.

Respectfully submitted,

*Dirk Thomas /rb with permission*

Dirk D. Thomas

cc: Counsel for CME

**Ordered**

Defendant CME shall let the Court know not later than 5pm on May 6, 2014, if it opposes the instant application. The Court is currently inclined to grant the application pending resolution of the underlying issue (re "exceptional case" status).

5/2/14

    K. B. For
    USDJ